IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICKY DALE BARRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-150-SLP |
| | ) | |
| RONALD L. WALLACE, and in his | ) | |
| individual and professional capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 15] of United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends that the Court: (1) dismiss without prejudice Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and (2) that the dismissal count as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). The Magistrate Judge advised Plaintiff that he could object to the Report and Recommendation on or before March 27, 2018. This Court granted Plaintiff an extension of time until April 27, 2018 within which to file an objection. *See* Order [Doc. No. 19]

On April 6, 2018, Plaintiff filed a Request for Stay [Doc. No. 20], requesting that the Court stay this action pending the outcome of an action brought by Plaintiff currently pending in the United States District Court for the Eastern District of Oklahoma, in which Plaintiff seeks relief pursuant to 28 U.S.C. § 2255. *See United States v. Barron*, Case No. CIV-17-119-RAW, United States District Court for the Eastern District of Oklahoma

(Motion to Vacate, Set Aside or Correct Sentence [Doc. No. 1] filed March 30, 2017). In his Request for Stay, Plaintiff also objects to certain findings of the Magistrate Judge in the Report and Recommendation.

As more fully set forth below, upon the Court's review of Plaintiff's Motion to Stay, it appeared that no basis exists for the Court's exercise of subject matter jurisdiction over this matter. Therefore, on May 15, 2018, the Court entered an Order to Show Cause [Doc. No. 21] directing Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Plaintiff has now filed his response [Doc. No. 24] to the Court's Order to Show Cause.

I.  **Background / Relevant Procedural History**

Plaintiff is a federal prisoner currently incarcerated at the Federal Correctional Institution (FCI) in El Reno, Oklahoma. Plaintiff is incarcerated pursuant to a conviction entered in Case No. CR-15-73, United States District Court for the Eastern District of Oklahoma. Petitioner's conviction was affirmed on direct appeal. *See United States v. Barron*, 677 F. App'x 480 (10th Cir. 2017). And, as noted above, Plaintiff has pending an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 and challenging this same conviction.

Plaintiff commenced the present action on February 14, 2018, by filing a Complaint in the United States District Court for the Eastern District of Texas. *See* Compl. [Doc. No. 1]. At that time, Plaintiff was incarcerated at the FCI in Seagoville, Texas, within the judicial confines of the United States District Court for the Northern District of Texas. The action was transferred to this judicial district pursuant to 28 U.S.C. § 1404(a). The court

found that the allegations of the Complaint failed to demonstrate any relationship to the Eastern District of Texas. The court further found that the sole named Defendant, Ronald L. Wallace, an Oklahoma attorney who represented Plaintiff in his criminal proceedings, is a resident of the State of Oklahoma, and has offices located in Oklahoma City, Oklahoma, within the confines of this judicial district. *See* Order of Transfer [Doc. No. 6].

On March 29, 2018, Plaintiff filed a Notice of Change of Address [Doc. No. 18] advising this Court that he is now incarcerated at the FCI in El Reno, Oklahoma, within the confines of this judicial district.

## II.    Discussion

The Magistrate Judge conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and construed the Complaint to allege: (1) a claim brought pursuant to 42 U.S.C. § 1983 for a violation of Plaintiff's Sixth Amendment right to the effective assistance of counsel; and (2) a state law claim for legal malpractice. Both claims arise from Defendant Wallace's alleged inadequate representation of Plaintiff in the course of the federal criminal proceedings in the Eastern District of Oklahoma resulting in Plaintiff's conviction in Case No. CR-15-73.

The Magistrate Judge recommended dismissal of the § 1983 claim based on well-established law that Defendant Wallace is not a state actor for purposes of § 1983. *See* R&R at p. 5 (*citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981)). The Magistrate Judge then found that the state law claim for legal malpractice should be dismissed pursuant to Oklahoma law which requires, as a prerequisite for maintaining such an action, that the underlying conviction has been set aside or otherwise vacated. *See* R&R at 6-7

(*citing Mahorney v. Warren*, 60 P.3d 38, 40 (Okla. Civ. App. 2002)). In recommending dismissal of the state law claim, the Magistrate Judge found that notwithstanding dismissal of the federal claim under 42 U.S.C. § 1983, the Court would retain jurisdiction over the state law claim based on diversity of citizenship. The Magistrate Judge relied on the fact that Plaintiff was at that time incarcerated in Texas and that Defendant is an Oklahoma resident. *See* R&R at p. 5 n. 2 (*citing* 28 U.S.C. § 1332(a)(1)).

### A.  Section 1983 Claim

In his Request for Stay [Doc. No. 20], Plaintiff is adamant that he is not bringing any claim for relief pursuant to 42 U.S.C. § 1983. *See id*. at 1-2. Plaintiff states that any allegations regarding the Sixth Amendment were made solely in reference to his pending action for §2255 relief. *Id*. at 2. He requests that his "filing be permitted to proceed under the guise of 'Legal Malpractice' and not upon any Constitutional claim or Sixth Amendment violation, nor any reference to § 1983." *Id*. at 5. He further states: "[a]t no time was § 1983 introduced into the original claim for that reason" and he reiterates that any reference to a "constitutional violation" was only in relation to the claims raised in the pending § 2255 proceeding. *Id*.

As the Magistrate Judge noted, Plaintiff's Complaint is "not a model of clarity" and, therefore, understandably, under the liberal construction afforded pro se pleadings, the Magistrate Judge construed the Complaint to include a claim brought pursuant to 42 U.S.C. § 1983. *See* R&R at 4. But the Magistrate Judge also acknowledged that "Plaintiff does not specifically address the statute in his pro se pleadings." *Id*. Based on Plaintiff's subsequent filing, where he expressly states he did not intend to include in his Complaint

4

a claim for relief under 42 U.S.C. § 1983, the Court declines to construe the Complaint as including such a claim.[1]

### B. Legal Malpractice Claim Brought Pursuant to Oklahoma Law

Although the Magistrate Judge determined diversity jurisdiction existed over Plaintiff's state law claim for legal malpractice, that determination appears to have been based on the fact that, at the time the Complaint was filed, Plaintiff was incarcerated in Texas. *See* R&R at 5, n. 1 (noting Plaintiff's *current incarceration* in Texas, coupled with Defendant's Oklahoma residency, as providing the basis for diversity jurisdiction).[2] The Tenth Circuit has held, however, that "[b]ecause domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). The presumption is rebuttable. "If, for instance, the prisoner decides he wants to live in another state upon release and is therefore assigned to a prison in that state, his domicile becomes that state." *Id*.

In this case, documents attached to Plaintiff's Complaint demonstrate that he was domiciled in the State of Oklahoma at the time of the events giving rise to his conviction.

---

[1] Plaintiff is admonished, however, that even if such a claim were brought, the Magistrate Judge correctly concluded that the claim would fail as a matter of law because Defendant is not a state actor.

[2] Because the Magistrate Judge construed the Complaint as raising a federal claim, consideration of the state law claim for legal malpractice would have been proper as an exercise of the Court's supplemental jurisdiction, without any need to find diversity of citizenship. *See* 28 U.S.C. § 1367(a). As set forth, however, Plaintiff did not intend to raise a federal claim under § 1983 and, the Court construes the Complaint to only raise a state law claim. With such a construction, the only jurisdictional basis for the claim would necessarily be predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

*See, e.g.*, Compl. [Doc. No. 1] at p. 32, Attachment C (identifying place of residence as Muse, Oklahoma).[3] Those same documents indicate Plaintiff's wife is domiciled in the State of Oklahoma and resides at the same address as that identified as Plaintiff's place of residence). *Id.* at p. 39. Indeed, the crimes committed by Plaintiff resulting in his current incarceration occurred within the judicial confines of the Eastern District of Oklahoma. Plaintiff's current transfer from Texas, back to the State of Oklahoma, further supports the presumption that he remains a citizen of the State of Oklahoma.[4] For these reasons, the Court issued its Order to Show Cause to give Plaintiff the opportunity to rebut the presumption that he is a citizen of the State of Oklahoma.

In his response to the Court's Order to Show Cause, Plaintiff mostly reurges his objections to the findings set forth in the Report and Recommendation. Plaintiff also purports to contend that federal question jurisdiction exists over the claims raised in his Complaint, referencing "interstate commerce" and violations of the "Deceptive Trade Practices Act." *See, e.g.*, Response [Doc. No. 24] at 2-3. Plaintiff's contentions are largely incoherent and otherwise frivolous. Notably, no such claims are included in the Complaint. And, notwithstanding the oblique references to federal law, Plaintiff acknowledges in the

---

[3] Page citations reference the Court's ECF pagination.

[4] The Court recognizes that the operative facts for determining jurisdiction are those in effect at the time the Complaint is filed. *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). The Court notes the transfer only as further indicia that Plaintiff has remained a citizen of the State of Oklahoma notwithstanding his period of incarceration in the State of Texas.

6

Response that "Legal Malpractice" serves as the basis for the claims brought in the Complaint. *Id*. at 1.

Plaintiff wholly fails to offer any facts to rebut the presumption that he remains domiciled in the State of Oklahoma. Instead, he merely argues that as a prisoner, he has no choice as to where he lives. Plaintiff, therefore, is presumed to be a citizen of the State of Oklahoma. Accordingly, there is no basis for the exercise of diversity jurisdiction over this matter. Because the sole claim raised in the Complaint is a claim arising under Oklahoma state law for legal malpractice, the Court finds the Complaint should be dismissed without prejudice on jurisdictional grounds.[5]

IT IS THEREFORE ORDERED that, based on further developments in the record subsequent to the entry of the Report and Recommendation, the Court declines to adopt the Report and Recommendation.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice for lack of subject matter jurisdiction. A separate judgment of dismissal will be entered contemporaneously with this Order.

IT IS SO ORDERED this 10th day of July, 2018.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[5] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue sua sponte at any time. *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see also* Fed. R. Civ. P.12(h)(3).